IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| THE UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JARED DEMARINIS, in his Official Capacity as State Administrator of Elections for the State of Maryland, <br><br> Defendant. | **COMPLAINT** |

# COMPLAINT

## INTRODUCTION

1. Title III of the Civil Rights Act of 1960 ("CRA") imposes a "sweeping" obligation on election officials, *Kennedy v. Lynd*, 306 F.2d 222, 226 (5th Cir. 1962), to "retain and preserve … *all* records and papers which come into [their] possession relating to any application, registration, payment of poll tax, or other act requisite to voting in such election," 52 U.S.C. § 20701 (emphasis added).

2. Title III likewise grants the Attorney General the sweeping power to obtain these records: "Any record or paper required by [section 301] to be retained and preserved shall, upon demand in writing by the Attorney General or [her] representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or [her] representative…." 52 U.S.C. § 20703. The written demand "shall contain a statement of the basis and the purpose therefor." *Id.*

1

3.  If the custodian to whom the written demand is made refuses to comply, the CRA requires "a special statutory proceeding in which the courts play a limited, albeit vital, role" in assisting the Attorney General's investigative powers. *Lynd*, 306 F.2d at 225. The Attorney General or her representative may request a Federal court to issue an order directing the officer of election to produce the demanded records, akin to "a traditional order to show cause, or to produce in aid of an order of an administrative agency." *Id.*

4.  In this "summary" proceeding, *In re Gordon*, 218 F. Supp. 826, 826-27 (S.D. Miss. 1963), the Attorney General need only show that she made a "written demand" for records covered by Section 301 of the CRA and that "the person against whom an order for production is sought … has failed or refused to make such papers 'available for inspection, reproduction, and copying,'" *Lynd*, 306 F.2d at 226 (quoting 52 U.S.C. § 20703). The court does not adjudicate "the factual foundation for, or the sufficiency of, the Attorney General's 'statement of the basis and the purpose' contained in the written demand" or "the scope of the order to produce." *Lynd*, 306 F.2d at 226 (quoting 52 U.S.C. § 20703).

## I.   JURISDICTION AND VENUE

5.  This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 2201(a); and 52 U.S.C. § 20705.

6.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the United States' claims occurred in this District, and the Defendant is located in and conducts election administration activities in this District.

## II.     PARTIES

7. Plaintiff is the Attorney General of the United States. The Attorney General has authority to enforce various federal election statutes, including the CRA, *see* 52 U.S.C. § 20703; the National Voter Registration Act ("NVRA"), *id.* § 20510(a); and Title III of the Help America Vote Act ("HAVA"), *id.* § 21111.

8. Defendant State Administrator of Maryland, Jared DeMarinis, is sued in his official capacity as chief state election official responsible for coordinating Maryland's responsibilities under the NVRA. *See* 52 U.S.C. § 20509; Md. Code Ann., Elec. Law § 2-103 DeMarinis is sued in his official capacity only.

## BACKGROUND

9. This proceeding arises from the Attorney General's investigation into Maryland's compliance with federal election law, particularly the NVRA and HAVA.

10. Both the NVRA and HAVA require States to maintain and preserve certain records and papers that fall within the scope of Section 301 of Title III of the CRA.

**The National Voter Registration Act**

11. The NVRA requires each state to "designate a State officer or employee as the chief State election official to be responsible for coordination of State responsibilities" under the NVRA. 52 U.S.C. § 20509. Defendant DeMarinis is the chief election official of the State of Maryland.

12. The NVRA requires States to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of" the death of the registrant, or "a change in the residence of the registrant, in accordance with subsections (b), (c), and (d)[.]" 52 U.S.C. § 20507(a)(4)

3

13. The NVRA also requires States to maintain, with exceptions not relevant here, "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters…." 52 U.S.C. § 20507(i)(1).

### The Help America Vote Act

14. HAVA requires all States to maintain and administer "a single, uniform, official, centralized, interactive computerized statewide voter registration list" that contains "the name and registration information of every legally registered voter in the State and assigns a unique identifier to each legally registered voter in the State." 52 U.S.C. § 21083(a)(1)(A).

15. HAVA further establishes "[m]inimum standard[s] for accuracy of State voter registration records," 52 U.S.C. § 21083(a)(4), and prohibits States from processing voter-registration applications without obtaining and verifying certain identifying information from the applicants, namely, a Driver's License number for those who possess a valid one, the last four digits of a social security number for those who do not possess a valid Drivers' license, and for those who have neither a unique identifier. *id.* § 21083(a)(5)(A).

### The Civil Rights Act

16. Congress empowered the Attorney General to request records pursuant to Title III of the CRA, codified at 52 U.S.C. § 20701, *et seq.*

17. Section 301 of the CRA requires state and local officials to retain and preserve records related to voter registration and other acts requisite to voting for any federal office for a period of twenty-two months after any federal general, special or primary election. *See* 52 U.S.C. § 20701, *et seq.*

18. Section 303 of the CRA provides, in pertinent part, "[a]ny record or paper required by Section 20701 of this title to be retained and preserved shall, upon demand in writing by the

Attorney General or his representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or his representative…." 52 U.S.C. § 20703.

## FACTUAL ALLEGATIONS

19. The United States Election Assistance Commission ("EAC")— "an independent, bipartisan commission whose mission is to help election officials improve the administration of elections and help Americans participate in the election process"—conducts a biennial Election Administration and Voting Survey ("EAVS"). EAC, *About the EAC*, http://eac.gov/about (last visited Nov. 14, 2025).

20. For the EAC's most recent report, "Election Administration and Voting Survey 2024 Comprehensive Report: A Report from the U.S. Election Assistance Commission to the 119th Congress" ("2024 EAVS Report"), States "reported data on their efforts to keep voter registration lists current and accurate, known as list maintenance." EAC, 2024 EAVS Report at 7.[1]

21. Based on a review of the 2024 EAVS Report, the Attorney General sent a letter to State Administrator DeMarinis on July 14, 2025, seeking information regarding Maryland's compliance with federal election law. See Letter from Attorney General to Secretary Administrator DeMarinis ("July 14 Letter").

22. The Letter requested, among other information and documents, a list of the election officials who are responsible for implementing Maryland's general program of voter registration list maintenance from November 2022 through receipt of the letter and a description of the steps

---

[1] https://www.eac.gov/sites/default/files/2025-07/2024_EAVS_Report_508.pdf (last visited Nov. 24, 2025).

that Maryland has taken, and when those steps were taken, to ensure that the state's list maintenance program has been properly carried out in full compliance with the NVRA. The July 14 Letter also requested—pursuant to Section 8(i) of the NVRA—that Maryland provide a current electronic copy of its computerized statewide voter registration list, containing "all fields" ("SVRL"), required under Section 303 of HAVA.

23.     The Attorney General's July 14 letter asked Administrator DeMarinis to produce the requested information and records by encrypted email or via the Department's secure file-sharing system, Justice Enterprise File Sharing (JEFS).

24.     In response, on July 30, 2025, Administrator DeMarinis sent a letter refusing to provide Maryland's SVRL and directing the Department to a website where "copies of publicly available data in the statewide voter registration list[.]" are available. Administrator DeMarinis also sent a letter on August 13, 2025, inquiring into the purpose of the Department's requests for the SVRL and citing Maryland election laws and Federal privacy law.

25.     On August 18, 2025, the Attorney General responded to Administrator DeMarinis August 13 Letter, advising the federal basis for her request, including the NVRA and HAVA, and informed the Administrator that the CRA empowers the Attorney General to request election records to enforce federal law. The Letter then demanded pursuant to the CRA "an electronic copy of Maryland's complete and current VRL." The Attorney General further stated that "[t]he purpose of the request is to ascertain Maryland's compliance with the list maintenance requirements of the NVRA and HAVA." ("August 18 Letter") The letter directed that the SVRL should contain "all fields, which includes the registrant's full name, date of birth, residential address, his or her state driver's license number, or the last four digits of the registrant's social security number as required

6

under the Help America Vote Act ("HAVA") to register individuals for federal elections. *See* 52 U.S.C. § 21083(a)(5)(A)(i)." (footnote omitted).

26. The August 18 Letter explained to Administrator DeMarinis that "HAVA specifies that the 'last 4 digits of a social security number . . . shall not be considered a social security number for purposes of section 7 of the Privacy Act of 1974.'" *See* 5 U.S.C. § 552a note; 52 U.S.C. § 21083(c). In addition, any prohibition of disclosure of a motor vehicle record contained in the Driver's License Protection Act, codified at 18 U.S.C. § 2721(b)(1), is exempted when the disclosure is for use by a government agency in carrying out the government agency's function to accomplish its enforcement authority as the Department is now doing.

27. On August 25, 2025, Administrator DeMarinis responded to the Attorney General's letter, again refusing to provide an unredacted computerized SVRL.

## COUNT ONE
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20703

28. On August 18, 2025, the Attorney General sent a written demand to Administrator DeMarinis for the production of specific election records pursuant to 52 U.S.C. § 20703.

29. The written demand "contain[ed] a statement of the basis and the purpose therefor." 52 U.S.C. § 20703.

30. On August 25, 2025, Administrator DeMarinis refused to provide the records requested.

Wherefore, the United States respectfully requests this Court:

A. Declare that Defendant's refusal to provide the election records upon a demand by the Attorney General violates Title III of the Civil Rights Act as required by 52 U.S.C. § 20703;

B. Order Administrator DeMarinis to provide to the Attorney General the current electronic copy of Maryland's computerized statewide voter registration list, with all fields, including each registrant's full name, date of birth, residential address, and either their state driver's license number, the last four digits of their Social Security number, or HAVA unique identifier as required by 52 U.S.C. § 21083 within 5 days of a Court order.

DATED: December 1, 2025

Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

*/s/  Brittany E. Bennett*
MAUREEN RIORDAN
Senior Counsel, Voting Section
BRITTANY E. BENNETT
Trial Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE, Room 8.141
Washington, D.C. 20002
Telephone: (202) 704-5430
Email: brittany.bennett@usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 1, 2025, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

                                                /s/ *Brittany E. Bennett*
                                                Brittany E. Bennett
                                                Trial Attorney, Voting Section
                                                Civil Rights Division
                                                U.S. Department of Justice
                                                4 Constitution Square
                                                150 M Street NE, Room 8.141
                                                Washington, D.C. 20002
                                                Telephone: (202) 704-5430
                                                Email: brittany.bennett@usdoj.gov