UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>JARED DEMARINIS, in his Official Capacity as State Administrator of Elections for the State of Maryland,<br><br>Defendant. | CASE NO: 1:25-cv-3934<br><br>DECLARATION OF MAUREEN S. RIORDAN IN SUPPORT OF THE DEMAND TO COMPELL PRODUCTION OF RECORDS PURSUANT TO 52 U.S.C. § 20701, *et seq*. |

**DECLARATION**

I, Maureen S. Riordan, declare, pursuant to 28 U.S.C. § 1746, that:

1. I am currently a Senior Counsel to the Assistant Attorney General of the Civil Rights Division and oversee the Voting Section within the Civil Rights Division of the United States Department of Justice. I am fully and personally familiar with the facts stated herein. I make this declaration in support of the United States's motion to compel production of election records pursuant to the Civil Rights Act codified at 52 U.S.C. § 20701, *et seq*.

2. The National Voter Registration Act, ("NVRA") 52 U.S.C. § 20501, *et seq*., and the Help America Vote Act ("HAVA"), 52 U.S.C. § 20901, *et seq*., require each state to perform voter-list maintenance to ensure that only eligible voters remain on the statewide voter registration list. Under Section 11 of the NVRA and Section 401 of HAVA, the Attorney General is charged with the responsibility for enforcement of the list maintenance requirements of both statutes. *See* 52 U.S.C. § 20510(a) and 52 U.S.C. § 21111. This enforcement responsibility has been delegated to the Civil Rights Division by Congress.

1

3. One of the Justice Department's responsibilities is monitoring states' compliance with the requirements of the NVRA and HAVA, including the filing of enforcement actions for noncompliance.

4. On July 14, 2025, the Civil Rights Division sent a request pursuant to 52 U.S.C. § 20507 to State Administrator of Elections, Jared DeMarinis, requesting, *inter alia*, an electronic copy of Maryland's statewide voter registration list ("SVRL"), containing all fields. The July 14, 2025, letter also asked the Administrator for information pertaining to answers that the State of Maryland had provided to the Election Assistance Commission regarding its list maintenance activities.

5. On July 30, 2025, the Administrator, did not provide the requested SVRL containing all fields, but directed the Attorney General to a website where she could obtain "copies of publicly available data in the statewide voter registration list[.]"

6. On August 13, 2025, Administrator DeMarinis sent another letter to the Attorney General inquiring into the purpose of the Attorney General's request for its SVRL.

7. On August 18, 2025, the Attorney General sent a response to Administrator DeMarinis.

8. In the August 18 letter the Attorney General made a demand pursuant to the Civil Rights Act, for the electronic copy of the SVRL specifying that it includes each registrant's Driver's License number or last four digits of the social security number as required by HAVA for federal registration.

9. The letter also informed the Administrator that the purpose of the demand for these records was to ascertain Maryland's compliance with the list maintenance requirements of federal laws, specifically the NVRA and HAVA.

10. The letter further explained that HAVA specifies that "the last four digits of a social security number…shall not be considered to be a social security number for purposes of Section 7 of the Privacy Act of 1974 (5 U.S.C. § 522a note)." 52 U.S.C. § 21083. The demand also instructed

that any prohibition of disclosure of a motor vehicle record contained in the Driver's License Protection Act, codified at 18 U.S.C. §2721(b)(1), is exempted, when the disclosure is for use by a government agency in carrying out the agency's enforcement authority, which the Department of Justice is now endeavoring to do.

11. The letter also explained to Administrator DeMarinis that the Attorney General would keep all data received secure and treat it consistently with the Privacy Act. The Justice Department's requests came with instructional information for the secure transmission of the statewide VRLs to the Justice Department by way of encryption. (*See* August 18 Letter).

12. The request specified a deadline for responses of August 25, 2025.

13. On August 25, 2025, Administrator DeMarinis refused to provide the Attorney General with an electronic copy of Maryland's statewide VRL.

14. True and correct copies of the Justice Department letters dated July 14, 2025, and August 18, 2025, and the reply letters by the Administrator dated July 30, 2025, August 13, 2025, and August 25, 2025, are attached to the Memo in support of the Motion. 1-5.

15. A true and correct copy of the Order denying a temporary injunction in *Crook v. S.C. Election Comm'n*, No. 2025-CP-40-06539 (Richland Cty. Comm. Pleas Oct. 1, 2025) as cited in the Memorandum of Support is attached hereto as Exhibit 6.

I declare under the penalty of perjury that the above statements are true and correct. Executed on December 1, 2025.

Dated: December 1, 2025, at Washington, DC.

           ___/s/Maureen S. Riordan_____
           Maureen S. Riordan