# Exhibit G

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

*Plaintiff*,

v.

JARED DEMARINIS, *in his official capacity as the State Administrator of Elections for the State of Maryland*,

*Defendant*.

Case No. 1:25-cv-03934-SAG

**MARYLAND/DC ALLIANCE FOR RETIRED AMERICANS'
PROPOSED ANSWER TO PLAINTIFF'S COMPLAINT**

Proposed Intervenor-Defendant Maryland/DC Alliance for Retired Americans answers Plaintiff's Complaint (ECF No. 1) as follows:

**INTRODUCTION[1]**

1. Paragraph 1 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute and opinion cited contain the quoted text and states that the statute and opinion speak for themselves. Proposed Intervenor otherwise denies the allegations.

2. Paragraph 2 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits

---

[1] These headings are included because they appear in the Plaintiff's Complaint and are duplicated to aid the comparison between the Plaintiff's Complaint and the Proposed Intervenor's Answer. They are not factual assertions in and of themselves and accordingly do not require a response. Their reproduction in this Answer should not be understood otherwise, nor should they be understood to make any admission on behalf of the Proposed Intervenor.

that the statute cited contains the quoted text and states that the statute speaks for itself. Proposed Intervenor otherwise denies the allegations.

3. Paragraph 3 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the opinion cited contains the quoted text and states that the opinion speaks for itself. Proposed Intervenor otherwise denies the allegations.

4. Paragraph 4 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the opinions cited contain the quoted text and states that the opinions speak for themselves. Proposed Intervenor otherwise denies the allegations.

## JURISDICTION AND VENUE

5. Paragraph 5 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that this action arises under federal law and that it is brought by the United States as a Plaintiff.

6. Paragraph 6 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that Defendant conducts election administration activities in Maryland.

## PARTIES

7. Paragraph 7 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that this case is brought by the United States as a Plaintiff and that the Attorney General has certain enforcement authorities under the CRA , the NVRA, and HAVA.

8. Proposed Intervenor admits the allegations in Paragraph 8.

## BACKGROUND

9. Proposed Intervenor denies the allegations in Paragraph 9.

10. Paragraph 10 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor incorporates its answers to Paragraphs 11–16, *infra*.

### The National Voter Registration Act

11. Paragraph 11 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text and that Administrator DeMarinis is the chief election official of the State of Maryland. The statute otherwise speaks for itself.

12. Paragraph 12 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text. The statute otherwise speaks for itself.

13. Paragraph 13 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text. The statute otherwise speaks for itself.

### The Help America Vote Act

14. Paragraph 14 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text. The statute otherwise speaks for itself.

15. Paragraph 15 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text. The statute otherwise speaks for itself.

**The Civil Rights Act**

16. Paragraph 16 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the CRA grants the Attorney General certain authority to request some records.

17. Paragraph 17 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited requires election officials to preserve certain records for a period of twenty-two months. The statute otherwise speaks for itself.

18. Paragraph 18 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the statute cited contains the quoted text. The statute otherwise speaks for itself.

**FACTUAL ALLEGATIONS**

19. Proposed Intervenor admits that the cited website in Paragraph 19 contains the quoted language and that the United States Election Assistance Commission conducts a biennial Election Administration and Voting Survey. The cited website otherwise speaks for itself.

20. Proposed Intervenor admits that the cited report in Paragraph 18 contains the quoted language. The report otherwise speaks for itself.

21. Proposed Intervenor admits that the Deputy Assistant Attorney General for Civil Rights sent a letter to Administrator DeMarinis on July 14, 2025 (the "July 14 Letter"), and that the letter referred to compliance with federal election law. Proposed Intervenor otherwise denies the allegations.

22. Paragraph 22 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. Proposed Intervenor admits that the July 14 Letter requested that

4

Maryland provide a copy of its statewide voter registration list. Proposed Intervenor denies that Maryland was required to provide that list. Proposed Intervenor admits that the letter requested Maryland provide a list of the election officials who are responsible for implementing the state's general program of voter registration list maintenance from November 2022 through receipt of the letter and "a description of the steps that Maryland has taken, and when those steps were taken, to remove ineligible voters from the registration list." Proposed Intervenor denies that the purpose of the letter was to ensure compliance with the NVRA.

23. Proposed Intervenor admits the allegations in Paragraph 23.

24. Proposed Intervenor admits that on July 30, 2025, Administrator DeMarinis sent a letter and that the letter contains the quoted text. Proposed Intervenor denies that Administrator DeMarinis refused to provide Maryland's SVRL. Proposed Intervenor admits that Administrator DeMarinis sent a letter on August 13, 2025 which included inquiries into the purpose of the request and which cited both Maryland and Federal statute. The letters otherwise speak for themselves.

25. Paragraph 25 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that on August 18, 2025, Harmeet K. Dhillon sent a letter to Administrator DeMarinis ("August 18 Letter"). Proposed Intervenor admits that the letter contained the quoted language. That letter speaks for itself. Proposed Intervenor otherwise denies the allegations.

26. Paragraph 26 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that the August 18 Letter contained the quoted language. That letter speaks for itself. Proposed Intervenor otherwise denies the allegations.

27. Proposed Intervenor admits that Administrator DeMarinis sent a Letter on August

5

25, 2025, and that in the letter, Administrator DeMarinis did not agree to provide all the requested information. The letter otherwise speaks for itself.

## COUNT ONE

## VIOLATION OF THE CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20703

28. Paragraph 28 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that a document which Plaintiff purports was a demand for election records was sent to Administrator DeMarinis on August 14, 2025. Proposed Intervenor otherwise denies the allegations.

29. Paragraph 29 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor denies the allegations in Paragraph 29.

30. Paragraph 30 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenor admits that Administrator DeMarinis declined to provide some of the records requested by Plaintiff.

Immediately following Paragraph 30, the Complaint contains a request for relief, including sub-paragraphs (A)–(B), demanding equitable and declaratory relief. Proposed Intervenor denies that Plaintiff is entitled to any relief in this action.

## GENERAL DENIAL

Proposed Intervenor denies every allegation in Plaintiff's Complaint that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part by equity, including on the basis of laches and unclean hands.

3. Plaintiff has failed to establish entitlement to injunctive relief.

4. The relief sought by Plaintiff is inconsistent with the U.S. Constitution and federal law.

5. Plaintiff lacks authority to bring a cause of action.

## PROPOSED INTERVENOR'S PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Proposed Intervenor prays for judgment as follows:

A. That the Court dismiss the Complaint;

B. That judgment be entered in favor of Defendant and Proposed Intervenor and against Plaintiff on Plaintiff's Complaint and that Plaintiff takes nothing thereby;

C. That Proposed Intervenor be awarded reasonable attorneys' fees and costs under any applicable statute or equitable doctrine; and

D. For such other and further relief as the Court deems appropriate.

| | |
|---|---|
| Respectfully submitted, | Dated: December 11, 2025 |
| | /s/ *Tina Meng Morrison* |

**ELIAS LAW GROUP LLP**
Uzoma N. Nkwonta*
Jacob D. Shelly (D. Md. Bar No. 30972)
Tina Meng Morrison (D. Md. Bar No. 21832)
Marcos Mocine-McQueen*
250 Massachusetts Ave NW Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
unkwonta@elias.law
jshelly@elias.law
tmengmorrison@elias.law
mmcqueen@elias.law

* Application *pro hac vice* forthcoming

*Counsel for Proposed Intervenor-Defendant the Maryland/DC Alliance for Retired Americans*