IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | * |
| *Plaintiff*, | * |
| v. | * |
| | *   No. 1:25-cv-03934-SAG |
| JARED DEMARINIS, in his official capacity as state administrator of elections for the state of Maryland, | * |
| *Defendant*. | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MARYLAND STATE ADMINISTRATOR'S OPPOSITION TO THE MOTION
FOR ORDER TO COMPEL RECORDS**

The United States filed a motion alongside its complaint that seeks to "compel[]" the State Administrator to "produce an electronic copy of the Maryland Statewide Voter Registration List" in an unredacted form. (ECF 2 at 1-2.) This is the same relief sought in the United States' complaint. (ECF 1 at 8.) The United States argues that Title III of the Civil Rights Act of 1960, codified at 52 U.S.C. §§ 20701–20706 ("Title III"), entitles it to file this motion and have it decided in a "special" and "summary" proceeding in which it need only produce "a simple statement" describing its demand for an election record. (ECF 2-1 at 13-14.) For this special proceeding, the Federal Rules of Civil Procedure are "displace[d]" by Title III. (ECF 2-1 at 13.) The United States thus asserts that the Court can grant it the equivalent of summary judgment now, without an answer to its complaint, discovery, or a trial. (ECF 2-1 at 14.)

The United States' motion must be denied. The Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts." Fed. R. Civ. Pro. 1. The United States' argument for a "summary proceeding," free from discovery and adjudicative disposition, relies entirely on *Kennedy v. Lynd*, 306 F.2d 222 (5th Cir. 1962). But the approach for Title III proceedings offered by *Lynd* has been superseded by the Supreme Court. *See United States v. Powell*, 379 U.S. 48 (1964). *Lynd* is also factually distinguishable from this case. The United States has not provided a cognizable reason to escape application of the Federal Rules in this case.

Preliminarily, the State Administrator incorporates the memorandum in support of his motion to dismiss (ECF 34-1) into this opposition, including all statements of fact and arguments therein. Because the United States has failed to state a claim for relief under Title III, this Court should concordantly deny the United States' motion to compel records as moot. In the event that the Court denies the motion to dismiss, it should nonetheless deny the United States' motion to compel for the following reasons.

## ARGUMENT

### I. THE FEDERAL RULES OF CIVIL PROCEDURE GOVERN THE PROCEEDINGS IN THIS CASE.

There is only one form of action—a "civil action." Fed. R. Civ. Pro. 2. A civil action is commenced "by filing a complaint with the court." Fed. R. Civ. Pro. 3. The Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings" in the district courts. Fed. R. Civ. Pro. 1. The United States therefore subjected itself and its suit to the Federal Rules of Civil Procedure when it filed its

complaint with this Court. The Rules of Civil Procedure to do not permit summary adjudication in the manner the United States seeks, so its motion must be denied.

"Summary trials," lacking notice and formal pleading, proceeding on short notice, and conducted by affidavit, are deeply disfavored "[i]n the absence of express statutory authorization." *New Hampshire Fire Ins. Co. v. Scanlon*, 362 U.S. 404, 406-07 (1960). That statutory authorization looks much different than Title III. For instance, the Federal Arbitration Act, codified at 9 U.S.C. §§ 1–402, provides for summary proceedings by codifying petitioning procedures, *see* 9 U.S.C. § 9, process for testimony and evidence, *see* 9 U.S.C. § 7, award modification procedures, *see* 9 U.S.C. §§ 10–12, and grounds for appeal, *see* 9 U.S.C. § 16. *Cf. Choice Hotels International v. Shree Sai Properties*, No. 8:16-CV-00231 Dkt. No. 27, 2017 WL 1-25724, *5 (D. Md. Mar. 13, 2017) (citing *Booth v. Home Publishing, Inc.*, 902 F.2d 925, 930-32 (11th Cir. 1990)). Likewise, the Civil Rights Act of 1964, Pub. L. 88-352, 78 Stat. 241 (July 2, 1964), provides a "special statutory proceeding" at 42 U.S.C. §§ 2000a-5 and 2000-a6 by outlining procedures alternate to those in the Federal Rules. *Katzenback v. McClung*, 379 U.S. 294, 295-96 (1964).

Title III contains no such provisions. It vests this Court with the jurisdiction to compel production of an election record "by appropriate process." 52 U.S.C. § 20705. But it does not provide for initiating that jurisdiction, exercising that jurisdiction, or the limits of that jurisdiction. *Cf.* 9 U.S.C. §§ 6–16; *see also United States v. Powell*, 379 U.S. 48, 57 & 57 n. 18 (1964) (holding that taxpayer was entitled to an adversarial proceeding governed by the Federal Rules under statute granting district court authorization to compel

production of evidence and testimony "by appropriate process"). The Federal Rules of Civil Procedure therefore govern the proceedings initiated by the United States' complaint.

### A. The United States Incorrectly Relies on Superseded Authority.

To support the argument that Title III "displaces" the Federal Rules and creates a "summary proceeding" in their stead, the United States relies on *Kennedy v. Lynd*, 306 F.2d 222 (5th Cir. 1962). The United States' Court of Appeals for the Fifth Circuit in *Lynd* confronted the question of "the proper disposition of a Title III proceeding" to compel election records. 306 F.2d at 224. Without much consideration of the statutory language, the Fifth Circuit held that Title III created a "special statutory proceeding" devoid of any formal pleading or adversarial factfinding. *Id.* at 225-26. While a District Court could still issue a "protective order" under justifiable circumstances, Title III did not otherwise provide means (such as discovery) for challenging the sufficiency of the Attorney General's stated basis and purpose for a demand. *Id.*

Four years later, the Supreme Court in *United States v. Powell* interpreted the statutory authority to compel production "by appropriate process" as including more than a mere summary proceeding. 379 U.S. at 57-58. The Court in *Powell* sought to determine "the standards the Internal Revenue Service must meet to obtain judicial enforcement of its" administrative summons. *Id*. at 50-51. The statute bestowing jurisdiction on a district court to compel such enforcement permitted enforcement of the administrative summons "by appropriate process." *Id.* at 52. Important here, the Supreme Court held that a statutory grant of authority to compel production "by appropriate process" included an adversarial proceeding governed by the Federal Rules of Civil Procedure. *Id.* at 57-58, 58

4

n. 18. An individual challenging the administrative summons was entitled to do so "on any appropriate ground"; and a court could "inquire into the underlying reasons" for the summons. *Id.* at 58.

The Fifth Circuit has retreated from its reasoning in *Lynd* in the 60 years since its publication. In *Weems v. McCloud*, 619 F.2d 1081, 1084 (5th Cir. 1980), the Fifth Circuit decided whether the Federal Rules applied to a "confirmation sale" proceeding established by Georgia law. The Court cited *Lynd* for its facial similarities to the case before it. *Id*. at 1096. Ultimately, though, it held that the Federal Rules were inapplicable to the "confirmation sale" because Georgia law "creat[ed] a unique cause of action" that "specifies the issues to be litigated and the procedure to be followed." *Id.* at 1097. Following the Supreme Court's lead in *Scanlon*, 462 U.S. at 406, the Fifth Circuit found a "special statutory proceeding" only when faced with "express statutory authorization," i.e., the creation of an alternate procedural framework in the statute. *Id.* at 1095 n. 34.

The decision in *Lynd* was also factually unique in arising from an "application" by the Attorney General seeking "public records which ought ordinarily to be open to legitimate reasonable inspection." 306 F.2d at 225, 231. It was of "great important" to the *Lynd* decision that, in 1962, the disclosure of election records did not involve "confidential, private papers and effects." Today, the United States has filed a complaint in a federal district court, not an application. *See* Fed. Rule Civ. Proc. 3 (providing that a "civil action," governed by the Federal Rules, is commenced by filing a complaint). And today, the disclosure of Maryland's unredacted voter database would involve confidential and protected information, including driver's license numbers, COMAR 33.05.02.02A(6)(a),

5

social security numbers, COMAR 33.05.02.02A(6)(b), documents used to prove residency (such as bank statements), COMAR 33.05.04.05B(4) & 33.01.01.01B(26), and identifying information for voters shielded by address confidentiality programs, State Gov't. § 7-303; *see also* Cts. & Jud. Proc., §§ 3-2303, 3-2406.

*Lynd* is thus distinguishable both legally and factually. The language, "[b]y appropriate process," in Title III is not an express grant of statutory authority to conduct a summary trial. *Powell*, 379 U.S. at 58. The decision in *Lynd* has been superseded by subsequent case law interpreting that very phrase in the context of a federal statutory grant of jurisdiction to compel. *Id.* And this case differs from *Lynd* in the nature of the records it seeks. *Lynd* cannot stand as the precedential basis for compelling an unredacted voter registration database without appropriate process under the Federal Rules of Civil Procedure.[1]

Appropriate process, and discovery in particular, is necessary in this case. The United States has not affirmatively provided this Court the basis and purpose behind its demand. In both its complaint and in the affidavit filed alongside its motion to compel, the United States has only asserted that letters sent to the State Administrator contained language purporting to provide a purpose and basis. (ECF 1 ¶ 25; ECF 2-3 ¶¶ 8-9.) And

---

[1] It is worth noting that even *Lynd* considered it appropriate for a Court to determine "a genuine dispute . . . as to whether or not any specified particular paper or record comes within" the statutory language of 52 U.S.C. § 20701. 306 F.2d at 226. The State Administrator in this case makes that argument in Section II of his memorandum supporting the motion to dismiss. (ECF 34-1 at 12-16.)
The *Lynd* Court counseled hearing such a dispute after issuing an order to compel records. 306 F.2d at 226. In the name of judicial economy, the State Administrator urges deciding that dispute beforehand.

the State Administrator does not dispute the truth of those assertions—the letters themselves did contain the language quoted. But there has been no expression, under oath, of what the Department's basis and purpose are. Discovery will be critical to ascertaining whether the basis and purpose for the demand are sufficient under 52 U.S.C. § 20703.

### B. The United States' Motion Exceeds the Scope of Title III.

The pending motion seeks an order compelling the State Administrator to "produce an electronic copy of the Maryland Statewide Voter Registration List." (ECF 2 at 2.) This would require the State Administrator to first *make* an electronic copy of the database. But Title III does not impose a duty on election officer to create and deliver records to the Attorney General.

Section 20703 requires that election records be "made available" to the Attorney General "at the principal office" of the records' custodian. The records must be presented for "inspection, reproduction, and copying." 52 U.S.C. § 20703. Nothing in the language of § 20705 expands the scope of that duty. The United States therefore asks for more in its motion than it is permitted by Title III.

## CONCLUSION

The motion for order to compel records should be denied.

                                                Respectfully submitted,

                                                ANTHONY G. BROWN
                                                Attorney General of Maryland

                                                /s/ Daniel M. Kobrin

                                                _____
                                                DANIEL M. KOBRIN

                                            Federal Bar No.
                                            Assistant Attorney General
                                            Office of the Attorney General
                                            200 Saint Paul Place, 20th Floor
                                            Baltimore, Maryland  21202
                                            dkobrin@oag.state.md.us
                                            (410) 576-6472
                                            (410) 576-6955 (facsimile)

January 30, 2026                                Attorneys for Defendant

## CERTIFICATE OF SERVICE

I certify that, on this 30th day of January 2026 the foregoing was served by CM/ECF on all registered CMF users.

/s/ Daniel M. Kobrin

_____

Daniel M. Kobrin