**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | |
| *Plaintiff*, | |
| v. | |
| JARED DEMARINIS, in his Official Capacity as State Administrator of Elections for the State of Maryland, | Case No. 1:25-cv-03934 (Hon. Stephanie A. Gallagher) |
| *Defendant*. | |

**INTERVENOR-DEFENDANTS COMMON CAUSE, OUT FOR JUSTICE, INC., CARL SNOWDEN, MYRIAM PAUL, AND LUIS SIMS' SUBMISSION OF SUPPLEMENTAL AUTHORITY**

Intervenor-Defendants Common Cause, Out for Justice, Inc., Carl Snowden, Myriam Paul, and Luis Sims submit this Notice of Supplemental Authority regarding a decision in one of the other cases in which the United States Department of Justice ("DOJ") is seeking production of states' full and unredacted voter files pursuant to Title III of the Civil Rights Act of 1960 ("CRA"). On April 17, 2026, the District Court for the District of Rhode Island issued an opinion and order in *United States v. Amore*, No. 25-cv-639-MSM-PAS, Dkt. 51 (D. R.I. Apr. 17, 2026), denying the DOJ's motion to compel and dismissing its complaint seeking production of Rhode Island's statewide voter registration list. That opinion is attached as Exhibit 1. Every single court to yet issue a decision in the DOJ's cookie-cutter lawsuits seeking states' unredacted voter files on near-identical grounds has dismissed these cases. *See id.*; *United States v. Galvin*, No. 25-13816-LTS, 2026 WL 972129 (D. Mass. Apr. 9, 2026); *United States v. Oregon*, No. 6:25-cv-01666-MTK, 2026 WL 318402 (D. Or. Feb. 5, 2026); *United States v. Weber*, No. 2:25-cv-09149-DOC-ADS, 2026 WL 118807 (C.D. Cal. Jan. 15, 2026); *United States v. Benson*, No. 1:25-cv-01148-HYJ-PJG, 2026 WL 362789 (W.D. Mich. Feb. 10, 2026).

1

*Amore* rejected DOJ's attempt to conduct a "fishing expedition," unmoored from any factual basis or legally proper purpose. Ex. 1 at 14. As a matter of process, it held that "DOJ is not entitled to any sort of summary or abbreviated procedures for obtaining the information it seeks." *Id.* at 8. Applying the familiar standard of Federal Rule of Civil Procedure 12, the court further held that the CRA's requirement that DOJ provide a written statement of "the basis" of its request refers to "a factual, not legal basis." *Id.* at 11. Because DOJ did not do so—in a letter substantially similar to DOJ's letter to Maryland officials—it failed to satisfy the CRA. Nor was a "curing elaboration letter"—which DOJ requested there as here, *see* Dkt. 66 at 2—possible, because it would not be able to provide any statutorily-sufficient statement of its purpose. Ex. 1 at 13–14. Therefore, the court denied the motion to compel and dismissed the case. *Amore*'s reasoning applies with equal force here and provides further support for denying the DOJ's motion to compel and dismiss the Complaint.

Dated: April 17, 2026                                    Respectfully submitted,

*/s/ Jonathan Topaz*
Jonathan Topaz*                                          Deborah A. Jeon (Bar No. 06905)
Theresa J. Lee*                                          Dara Johnson (Bar No. 31478)
Sophia Lin Lakin*                                        AMERICAN CIVIL LIBERTIES UNION OF
AMERICAN CIVIL LIBERTIES UNION                           MARYLAND
FOUNDATION                                               3600 Clipper Mill Road
125 Broad St., 18th Floor                                Suite 200
New York, NY 10004                                       Baltimore, MD 21211
(212) 549-2500                                           Tel. 410-889-8555
jtopaz@aclu.org                                          jeon@aclu-md.org
tlee@aclu.org                                            djohnson@aclu-md.org
slakin@aclu.org

* *Pro hac vice* application granted

**CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2026, a true and correct copy of the foregoing document was served via the Court's ECF system on all counsel of record and by email on counsel for the United States and Defendant DeMarinis.

*/s/ Jonathan Topaz*
Jonathan Topaz