UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JARED DEMARINIS in his official capacity as STATE ADMINISTRATOR of Elections for the State of Maryland,<br><br>Defendant. | Case No. 1:25-cv-03934-SAG<br><br><br><br>UNITED STATES' RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY |

The United States responds to Intervenor-Defendant Common Cause's Notice of Supplemental Authority, (Dkt. 67). In *United States v. Amore*, 2026 WL 1040637, at *5 (D.R.I. Apr. 17, 2026), the district court ruled that the Attorney General's written demand for Rhode Island's statewide voter registration list was legally insufficient under the CRA because it provided no "factual basis" suggesting Rhode Island may be violating the NVRA or HAVA. The court further held that, even if the Attorney General's demand had specified a factual basis, it would still be inadequate because the stated purpose for the demand—enforcement of the NVRA's and HAVA's list maintenance requirements—is "unrelated to voting-related racial discrimination." *Id*. at *5-6.

*Amore* is incorrect. *First*, the court there repeated the errors committed by the district courts in California, Oregon, and Massachusetts by holding that the Attorney General must state a *factual* basis for the demand. And nothing in *Kennedy v. Lynd*, 306 F.2d 222, 226 (5th Cir. 1962), which held that the "factual foundation for, or the sufficiency of," the basis "is not open to judicial

review or ascertainment," suggests otherwise. At any rate, in contrast to Intervenor's description of this case as "cookie-cutter," the United States provided a particularized factual basis—incongruous numbers of registration transactions compared to active registered voters; 1.5 million unreturned confirmation notices that do not align with Maryland's reported number of removed voters; missing information regarding deceased, registered voters; and duplicate registrations not being removed. Dkt. 2-2; *Amore*, 2026 WL 1040637, at *3. *Second*, nothing in the CRA's text "cabin[s] its application solely" to "voting-related racial discrimination." *Id.* at *5; *accord United States v. Benson*, 2026 WL 362789, at *8 (W.D. Mich. Feb. 10) (disagreeing with the grounds for dismissal used by other recent district courts), *appeal docketed* No. 26-1225 (6th Cir. 2026).

Dated: April 22, 2026

                         Respectfully submitted,

                         HARMEET K. DHILLON
                         Assistant Attorney General
                         Civil Rights Division

                         ROBERT J. KEENAN
                         Acting Deputy Assistant Attorney General
                         Civil Rights Division

                         ERIC V. NEFF
                         Acting Chief, Voting Section

                         /s/ Joseph W. Voiland
                         Joseph W. Voiland
                         Brittany E. Bennett
                         Raymond Yang
                         Civil Rights Division
                         4 Constitution Square
                         Washington, D.C. 20002
                         Joseph.Voiland@usdoj.gov
                         (202) 353-5318