**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

THE UNITED STATES OF AMERICA,      *

        *Plaintiff*,         *

        v.         *

            No. 1:25-cv-03934-SAG

JARED DEMARINIS, in his official     *
capacity as State Administrator of
Elections for the State of Maryland, *et al.*   *

        *Defendants*.

    *   *   *   *   *   *   *   *   *   *   *   *

**REPLY TO UNITED STATES RESPONSE**

On April 22, 2026, the United States responded to Intervenor-Defendant Common Causes's Notice of Supplemental Authority. (ECF 69.) In its response, the United States sought to distinguish this lawsuit from identical litigation it had initiated and lost in the Federal District Court for the District for Rhode Island. (ECF 69 at 1.) In alleging a distinction, the government claimed that it "provided a particularized factual basis" for its Title III records demand in this case: "incongruous numbers of registration transactions compared to active registered voters; 1.5 million unreturned confirmation notices that do not align with Maryland's reported number of removed voters; missing information regarding deceased, registered voters; and duplicate registrations not being removed." (ECF 69 at 2 (citing ECF 2-2.)) This is the first such assertion the government makes in this case. Up to this point the United States has argued consistently that Title III does not require it to provide any such particularized factual basis. (*See* ECF 56 at 6, 17, 19.)

In any event, the Attorney General's demand for records (ECF 34-4) provided no such factual basis.  It stated: "The purpose of the [Title III] request is to ascertain Maryland's compliance with the list maintenance requirements of the NVRA and HAVA."  (ECF 34-4 at 2 (*see also* ECF 1 at ¶ 25 (the United States affirmatively pleading the same.))  The statistics to which the United States refers in its response were data points contained in the 2024 Election Administration and Voting Survey for which the Department wanted "explain[ations]."  (ECF 34-2 at 2-3.)  Administrator DeMarinis provided the requisite explanations and clarified that an internal review was underway to see if a "reporting discrepancy" had occurred. (ECF 34-3 at 3.)

A discrepancy had occurred and the Election Assistance Commission updated its EAVS Report with corrected data at the beginning of 2026.  *See* United States Election Assistance Commission, *Errata Note: 2024 EAVS Comprehensive Report and Accompanying Dataset* available at https://www.eac.gov/sites/default/files/2026-02/Errata_Note_2024_EAVS_v2.pdf (Feb. 12, 2026).  Portions of the data the government had questioned, and expressly relies upon now to distinguish this case, did not reflect reality and are no longer in the EAVS Report.  *Id.* at 2-6.

ANTHONY G. BROWN
Attorney General of Maryland

/s/ Daniel M. Kobrin

_____

DANIEL M. KOBRIN
Federal Bar No. 30392
Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland  21202
dkobrin@oag.maryland.gov
(410) 576-6472
(410) 576-6955 (facsimile)

April 23, 2026                                          Attorneys for Defendant