**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>       *Plaintiff*,<br><br>  v.<br><br>JARED DEMARINIS, in his Official<br>Capacity as State Administrator of Elections<br>for the State of Maryland,<br><br>       *Defendant*. | Case No. 1:25-cv-03934<br>(Hon. Stephanie A. Gallagher) |

**INTERVENOR-DEFENDANTS COMMON CAUSE, OUT FOR JUSTICE, INC., CARL SNOWDEN, MYRIAM PAUL, AND LUIS SIMS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenor-Defendants Common Cause, Out for Justice, Inc., Carl Snowden, Myriam Paul, and Luis Sims submit this response to Plaintiff's May 15, 2026 Notice of Supplemental Authority. *See* Dkt. No. 82.

Unable to find an actual court that agrees with them, lawyers from the Department of Justice cite a non-binding memorandum opinion from other lawyers at the Department of Justice claiming that the Department of Justice's legal arguments are correct. Even before the Supreme Court curtailed deference to federal agencies' legal interpretations, *see Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), it recognized that "[i]nterpretations such as those in opinion letters . . . which lack the force of law [] do not warrant *Chevron*-style deference," *Christensen v. Harris Cnty.*, 529 U.S. 576, 587 (2000). This memorandum opinion—which was not written contemporaneously but instead only *after* six federal courts dismissed Plaintiff's cookie-cutter lawsuits seeking states' unredacted voter files—amounts to nothing more than a self-serving and unauthorized surreply for which Plaintiff has not sought or been granted leave to file. Indeed, the memorandum opinion essentially takes the form of a response brief, for example referring to

1

"counterargument[s] we have seen" and then citing to motions filed by state defendants contesting

Plaintiff's demand for their unredacted voter file. Dkt. No. 82-1 at 23 & n.22. The memorandum

opinion states that its purpose is to "provide our best view of the law as to the Executive Branch,"

*id.* at 10 n.12; it is hard to understand how this is different from what Plaintiff's counsel has already

done in this case.

The memorandum opinion offers nothing beyond a rehashing of arguments rejected by

courts around the country. In arguing that Title III's basis and purpose requirements are not

distinct, for example, the memorandum cites law review articles and unrelated judicial opinions,

rather than the many courts that have recently and directly addressed this argument and held

otherwise. *See id.* at 22–23. This Court can safely ignore this self-serving memorandum written

by Plaintiff's counsel's colleagues that raises no new arguments and has no force of law.

Dated: May 17, 2026                                  Respectfully submitted,

*/s/ Jonathan Topaz*
Jonathan Topaz*                                      Deborah A. Jeon (Bar No. 06905)
Theresa J. Lee*                                      Dara Johnson (Bar No. 31478)
Sophia Lin Lakin*                                    AMERICAN CIVIL LIBERTIES UNION OF
AMERICAN CIVIL LIBERTIES UNION                       MARYLAND
FOUNDATION                                           3600 Clipper Mill Road
125 Broad St., 18th Floor                            Suite 200
New York, NY 10004                                   Baltimore, MD 21211
(212) 549-2500                                       Tel. 410-889-8555
jtopaz@aclu.org                                      jeon@aclu-md.org
tlee@aclu.org                                        djohnson@aclu-md.org
slakin@aclu.org

* *Pro hac vice* application granted

## CERTIFICATE OF SERVICE

I hereby certify that on May 17, 2026, a true and correct copy of the foregoing document was served via the Court's ECF system on all counsel of record and by email on counsel for the United States and Defendant DeMarinis.

*/s/ Jonathan Topaz*
Jonathan Topaz

3