**IN THE UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. JARED DEMARINIS, *in his official capacity as the State Administrator of Elections for the State of Maryland*, *Defendant*. | Case No. 1:25-cv-03934-SAG |

**MARYLAND/DC ALLIANCE FOR RETIRED AMERICANS' RESPONSE TO DOJ'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenor Maryland/DC Alliance for Retired Americans (the "Alliance") responds to DOJ's recent notice of supplemental authority concerning a DOJ Office of Legal Counsel ("OLC") opinion. *See* ECF No. 82.

Notwithstanding its styling, the OLC opinion is effectively an unauthorized surreply in which one DOJ office opines that another DOJ office's litigation position is correct. The timing is revealing: Though DOJ sued Maryland on December 1, 2025, the OLC opinion is dated May 12, 2026—on the eve of oral arguments in three appeals stemming from the dismissal of DOJ's parallel claims for other states' unredacted voter lists. *See United States v. Benson*, No. 26-01225 (6th Cir. argued May 13, 2026); *United States v. Oregon*, No. 26-01231 (9th Cir. to be argued May 19, 2026); *United States v. Weber*, No. 26-01232 (9th Cir. to be argued May 19, 2026). And unlike a typical OLC opinion, this one explicitly addresses arguments advanced in active litigation, citing and responding to briefs filed by counsel for the Alliance in other matters. *E.g.*, ECF No. 82-1 at 7 n.7, 8 n.9; *see also Best Practices for OLC Legal Advice and Written Opinions* at 3, Off. of Legal Couns., U.S. Dep't of Just. (July 16, 2010), https://perma.cc/2DWR-ALS7 ("As a prudential

1

matter, OLC generally avoids opining on questions likely to arise in pending or imminent litigation involving the United States as a party."). Even setting aside the default rule that agency opinion letters are afforded no legal deference, *see Christensen v. Harris County*, 529 U.S. 576, 587–88 (2000), this legal brief dressed up as an OLC opinion should be given no weight.

On the merits, the OLC opinion adds nothing to bolster DOJ's position in this litigation—in fact, it often supports *the Alliance's* position. As just one example, OLC admits the Civil Rights Act requires DOJ to "offer a 'basis'" for its demand, which it (correctly) defines as "foundation" or "support." ECF No. 82-1 at 22. But here, DOJ failed to offer *any* foundation or support—that is, any basis—for its demand to Administrator DeMarinis. That concession alone requires dismissal, including under OLC's definition of "basis." *See, e.g.*, *United States v. Galvin*, No. 25-13816, 2026 WL 972129, at *6 (D. Mass. Apr. 9, 2026) (dismissing DOJ's claim in parallel litigation on this ground); *see also* Alliance Mem. Supp. Mot. Dismiss at 8–12, ECF No. 36-1; Alliance Reply Supp. Mot. Dismiss at 4–7, ECF No. 58.

Dated: May 18, 2026

Respectfully submitted,

/s/ Uzoma N. Nkwonta
Uzoma N. Nkwonta*
Jacob D. Shelly (D. Md. Bar No. 30972)
Tina Meng Morrison (D. Md. Bar No. 21832)
Marcos Mocine-McQueen*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW, Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
unkwonta@elias.law
jshelly@elias.law
tmengmorrison@elias.law
mmcqueen@elias.law

* Admitted *pro hac vice*

*Counsel for Intervenor Maryland/DC Alliance for Retired Americans*

3