**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>   *Plaintiff*,<br><br> v.<br><br>JARED DEMARINIS, in his Official<br>Capacity as State Administrator of Elections<br>for the State of Maryland,<br><br>   *Defendant*. | Case No. 1:25-cv-03934<br>(Hon. Stephanie A. Gallagher) |

**INTERVENOR-DEFENDANTS COMMON CAUSE, OUT FOR JUSTICE, INC., CARL SNOWDEN, MYRIAM PAUL, AND LUIS SIMS' SUBMISSION OF SUPPLEMENTAL AUTHORITY**

Intervenor-Defendants Common Cause, Out for Justice, Inc., Carl Snowden, Myriam Paul, and Luis Sims submit this Notice of Supplemental Authority regarding decisions in two of the other cases in which the United States Department of Justice ("DOJ") is seeking production of states' full and unredacted voter files pursuant to Title III of the Civil Rights Act of 1960 ("CRA"). On May 21, 2026, the District Court for the District of Maine issued an opinion and order in *United States v. Bellows*, No. 1:25-cv-468-LEW, attached as Exhibit 1, and the District Court for the Western District of Wisconsin issued an opinion and order in *United States v. Wisconsin Elections Commission ("WEC")*, No. 25-cv-1036-JDP, attached as Exhibit 2. The decisions rejected DOJ's attempts to compel production of Maine and Wisconsin's statewide voter files, respectively, and dismissed the United States' complaints, which are meaningfully identical to the Complaint in this case. *Bellows* and *WEC* join the chorus of now eight District Courts to reject the United States' improper attempts to seize statewide voter files—with none going the other way. *See* Ex. 1; Ex. 2; *United States v. Fontes*, No. CV-26-66-PHX-SMB, 2026 WL 1177244 (D. Ariz. Apr. 28, 2026); *United States v. Amore*, No. 25-CV-639-

1

MSM-PAS, 2026 WL 1040637 (D.R.I. Apr. 17, 2026); *United States v. Galvin*, No. 25-13816-LTS, 2026 WL 972129 (D. Mass. Apr. 9, 2026); *United States v. Benson*, No. 1:25-cv-1148-HYJ-PJG, 2026 WL 362789 (W.D. Mich. Feb. 10, 2026); *United States v. Oregon*, No. 6:25-cv-1666-MTK, 2026 WL 318402 (D. Or. Feb. 5, 2026); *United States v. Weber*, 816 F. Supp. 3d 1168 (C.D. Cal. 2026).

*Bellows* held that a statewide voter file is not a record that "comes into the possession of state officials," meaning it is outside the scope of the CRA. Ex. 1, at 14. *Bellows* additionally held that "Title III's requirement that the Attorney General provide a written 'statement of the basis and the purpose' of its demand contemplates assessment of the sufficiency of the basis and purpose asserted." *Id.* at 15 (quoting 52 U.S.C. § 20703). Performing this assessment, the Court concluded that the level of granular list maintenance DOJ intends to conduct was not a permissible purpose, because "each individual state, and not the [DOJ], is the master of its voter list, entrusted with its administration and maintenance." *Id.* at 16. Holding otherwise would contravene HAVA and the NVRA—which contain their own pre-suit investigation and enforcement mechanisms— and "traditional principles of federalism." *Id.* at 17–19; *see also id.* at 22 ("[T]he United States has filed a HAVA action in search of a HAVA violation, which is not the preferred order of things in the course of civil litigation."). The *Bellows* Court added that DOJ's "efforts to assuage" concerns that the United States is seeking states' unredacted voter files to build an unlawful national voter database "were almost immediately undermined by the issuance of an executive order directing the Department of Homeland Security to compile a 'State Citizenship List' in order to 'assist in verifying identity and Federal election voter eligibility.'" *Id.* at 7 n.6 (quoting Exec. Order No. 14,399, Ensuring Citizenship Verification and Integrity in Federal Elections, 91 Fed. Reg. 17125 (Apr. 3, 2026)).

*WEC* similarly held that "a voter registration list is not a record subject to production under Title III." Ex. 2, at 5. The Court read the statutory language, allowing DOJ to demand records that "come into [elections officials'] possession," 52 U.S.C. § 20701, not to cover "records created by the state itself," Ex. 2, at 6. The Court held that even if Plaintiff was correct "that Title III actions are subject to a summary proceeding," Plaintiff could still not properly demand the records under Title III. *Id.* at 5. Because the DOJ's request failed as a matter of law, the Court held "there is no way that [DOJ] could amend its complaint to state a claim for relief." *Id.* at 9–10. Accordingly, the case was dismissed with prejudice.

*Bellows* and *WEC* provide further support for denying the DOJ's motion to compel and dismissing the Complaint.

Dated: May 22, 2026

Respectfully submitted,

*/s/ Jonathan Topaz*
Jonathan Topaz*
Theresa J. Lee*
Sophia Lin Lakin*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2500
jtopaz@aclu.org
tlee@aclu.org
slakin@aclu.org

Deborah A. Jeon (Bar No. 06905)
Dara Johnson (Bar No. 31478)
AMERICAN CIVIL LIBERTIES UNION OF
MARYLAND
3600 Clipper Mill Road
Suite 200
Baltimore, MD 21211
Tel. 410-889-8555
jeon@aclu-md.org
djohnson@aclu-md.org

* *Pro hac vice* application granted

3

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2026, a true and correct copy of the foregoing document was served via the Court's ECF system on all counsel of record and by email on counsel for the United States and Defendant DeMarinis.

*/s/ Jonathan Topaz*
Jonathan Topaz
